IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MMK GROUP, LLC,

       Plaintiff,      Case No. 3:07 CV 55

  -vs-

                   MEMORANDUM OPINION
THE SHESHELLS COMPANY, LLC, et al.,   AND ORDER

       Defendant.

KATZ, J.

  A jury trial was held in this matter in August 2010, with the jury delivering its verdict on August 19 (Doc. 323). Now before the Court are motions for costs filed by defendants Thermodyn Corporation and James MacMillan ("the Thermodyn defendants") (Doc. 233) and defendants The SheShells Company, Thomas Hass, and Michael Teadt ("the SheShells defendants") (Doc. 234); SheShells and Hass's motion for judgment notwithstanding the verdict (Doc. 325); and Plaintiff's motion for judgment as a matter of law and motion for remittitur (Doc. 326). Each of the motions will be denied.

  Pursuant to the Ohio Corrupt Activity Act (OCAA),

> Upon application, based on the evidence presented in the case by the plaintiff, as the interests of justice *may* require, the trial court *may* grant a defendant who prevails in a civil action pursuant to this section all or part of his costs, including the costs of investigation and litigation reasonably incurred, and all or part of his reasonable attorney fees, unless the court finds special circumstances, including the relative economic position of the parties, make an award unjust.

O.R.C. § 2923.34(G) (emphasis added).

  In this case, the "the interests of justice" do not require awarding costs to Defendants. At the time it sought to amend the Complaint to add OCAA claims against Thermodyn, Plaintiff admitted that it was uncertain as to whether it possessed an adequate factual basis for these claims.

The Court assured Plaintiff at that time that it would not face sanctions for filing an amended complaint with the new claims against Thermodyn and that it would be permitted to amend the complaint if necessary. Plaintiff voluntarily dismissed its OCAA claims on December 10, 2009 with prejudice (Doc. 223). But the Court is convinced that Plaintiff's decision to do so was based on a desire to narrow the claims and issues in this case for trial, not the discovery that its OCAA claims were entirely without foundation. In view of all of the circumstances, it would not be just to award costs to Defendants under § 2923.34(G), and the Court declines to do so.

A motion for judgment notwithstanding the verdict may be granted only if, viewing the admissible evidence in the light most favorable to the party opposing the motion, a reasonable trier of fact could draw only one conclusion. *Hill v. Spiegel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983).

SheShells and Hass move for judgment n.o.v. on the ground that there was not sufficient evidence presented at trial to sustain the jury's finding that Hass, SheShells, and Thermodyn infringed Claim 1 of the '195 Patent. Citing the language in Claim 1 that "the adhesion of said silicone gel adhesive layer be[] retained after being washed with water 25 times," they contend that the evidence that the SheShells product infringed the patent is inadequate because the instructions on the SheShells product mentioned washing the adhesive layer with soap *and* water, not just water. The Court disagrees. The patent by its literal terms does not refer to washing *only* with water, and the Court sees no reason to read such an unstated limitation into the language of Claim 1. SheShell and Hass's motion for judgment n.o.v. is denied.

Plaintiff moves for judgment as a matter of law as to Thermodyn's claim of tortious interference with a prospective business relationship, and remittitur as to the jury's award of $205,359.00 to Thermodyn on its unjust enrichment claim. After careful review, however, the

Court finds that the evidence presented at trial adequately supports Thermodyn's claim that Plaintiff tortiously interfered with its prospective business relationship with the retailer Boots. The Court also finds that the amount of the jury's damages award is adequately supported by the evidence presented at trial.

For the foregoing reasons, the Themodyn defendants' motion for costs (Doc. 233), the SheShells defendants' motion for costs (Doc. 234), SheShells and Hass's motion for judgment n.o.v. (Doc. 325), and Plaintiff's renewed motion for judgment as a matter of law (Doc. 326) are denied. The case is closed.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE